UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-CR-00533 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID STAUDOHAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Defendant David Staudohar seeks review of the decision of the Magistrate Judge ordering his detention pending trial. In this case, the record raises questions about the mental health of Mr. Staudohar, as both Defendant and the United States acknowledge. Therefore, to facilitate a mental health evaluation of Mr. Staudohar, and so that he may obtain any treatment the evaluation indicates is necessary and appropriate, the Court fashions appropriate conditions to protect the public and to assure Mr. Staudohar's appearance and participation in these proceedings.

**BACKGROUND**

Mr. Staudohar, 63 years old, served in the U.S. Marines in Vietnam and, later, in the U.S. Navy and U.S. Coast Guard. On July 2, 2021, he was arrested on a criminal complaint charging that he made phone calls in which he threatened a national political figure. (ECF No. 1.) He was indicted on July 14, 2021. (ECF No. 13.) The indictment charges Defendant with two counts of Interstate Threatening Communications, in violation of 18 U.S.C. § 875(c). The affidavit filed

in support of the criminal complaint provides that Defendant called the St. Helena, California Police Department, the Louisville Metro Police Department, and the Dallas Police Department on November 13, 2020 and threatened the victim. (ECF No. 1-1, ¶¶ 4, 7, 8, PageID #3, 4.) He called the St. Helena, California Police Department again on June 24, 2021, threatening the same victim. (*Id.*, ¶ 9, PageID #4.) The phone numbers used were registered to Defendant, and the special agent determined the voice of the caller was the same on all four calls. (*Id.*, ¶ 10.)

Four days after the November 2020 calls, the FBI called Mr. Staudohar and interviewed him by phone. (*Id.*, ¶ 15, PageID #6.) Seven days after the phone interview, an FBI agent visited Mr. Staudohar at his home and interviewed him in person. (*Id.*, ¶ 16.) Then, eight days after the June 2021 call, law enforcement arrested Mr. Staudohar. After his arrest, the United States moved for his detention, and the Magistrate Judge held a detention hearing on July 13, 2021.

### A. The Detention Hearing Before the Magistrate Judge

The United States moved for detention pursuant to 18 U.S.C. § 3142(f)(2), which requires a court to consider whether there is "a serious risk that [the defendant] will flee" or "a serious risk that [the defendant] will obstruct of attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *Id.*

The United States proffered the criminal complaint with the accompanying affidavit and the Pretrial Services report. (ECF No. 13, PageID #61.) Defendant did not proffer any additional information. (*Id.*) The United States argued that "no condition or combination of conditions will reasonably serve the safety of any other

2

person in the community." (*Id.*, PageID #65.)  The United States pointed out that Defendant has a criminal history and a history of alcohol abuse, with three prior convictions for driving under the influence. (*Id.*)  He also has convictions for battery, assault, and inflicting corporal injury. (*Id.*)  The United States also argued Defendant has a conviction for attempting to elude law enforcement and noted that he "resisted arrest" when federal officers arrested him in this matter and used an alias on the calls in an attempt to evade law enforcement. (*Id.*, PageID #65–66.)  In addition, the United States discussed the violent nature of the threats made toward the victim, arguing that they "speak for themselves." (*Id.*, PageID #66.)

    Defense counsel responded that there is no evidence that Defendant resisted arrest other than the United States' description of events. (*Id.*, PageID #67.)  He also noted that Defendant's prior convictions are not felonies, with perhaps one exception from over thirty years ago, and that his most recent conviction, for a DUI, was also around thirty years ago. (*Id.*)  Meanwhile, he was employed until about 2008 when his business failed. (*Id.*, PageID #68.)  As for the events at hand, counsel highlighted that Defendant did not flee between the time law enforcement called him and visited him to discuss the threatening calls he allegedly made and that he did not deny involvement or try to flee at any point. (*Id.*, PageID #68.)  Defense counsel recommended release with electronic monitoring rather than detention. (*Id.*)  Finally, counsel requested a home inspection before the Magistrate Judge issued a ruling. (*Id.*, PageID #69.)  The Magistrate Judge took the matter under advisement. (*Id.*)

3

### B. The Detention Order

The Magistrate Judge ordered Mr. Staudohar detained pending trial. ([ECF No. 15](#).) Specifically, the Magistrate Judge found the United States proved "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (*Id.*, PageID #48.)

The Magistrate Judge took note that the weight of evidence against Defendant; his prior criminal history, history of violence or use of weapons, history of alcohol or substance abuse, lack of stable employment, prior attempt to evade law enforcement, and prior violations of probation, parole, or supervised released weighed in favor of detention. The Magistrate Judge further explained that the alleged threats were of a serious and violent nature and were "made more serious" because Defendant accused the victim of committing treason and he vowed to "ex[]act vengeance" shortly after the 2020 national election. (*Id.*, PageID #49.)

### C. Defendant's Appeal

Defendant moved to revoke the detention order pursuant to 18 U.S.C. § 3145(b), which permits review of a magistrate judge's detention or release order by a federal district court with original jurisdiction. ([ECF No. 20](#).) He argues the United States has not met its burden of proving by clear and convincing evidence that no conditions can reasonably assure the community's safety. (*Id.*, PageID #72.)

### D. Evidence at the Hearing on September 17, 2021

The Court held a hearing on Defendant's motion to revoke the detention order on September 17, 2021. At the hearing, the United States proffered: (1) the affidavit to the criminal complaint; (2) the report of Pretrial Services; (3) the Magistrate Judge's detention order; (4) the indictment; and (5) a USB drive with audio of the call made on June 24, 2021. The audio of the call of Mr. Staudohar's threats on June 24, 2021 contains violent and graphic threats directed at our nation's political process as well as crude and vile language. Based on its proffers and many of the same arguments offered to the Magistrate Judge, the United States reiterated its position that Defendant presents a serious flight risk and danger to the community. Further, it argued that no set of conditions can be fashioned to justify Defendant's release.

Defendant did not proffer additional information. His counsel emphasized that Defendant did not flee after learning law enforcement knew about the November 2020 calls and argued that the United States has not met its burden of proof of showing Defendant poses either a flight risk or a danger to the community. The Court took the matter under advisement at the conclusion of the hearing.

### ANALYSIS

District courts review a magistrate judge's release or detention order de novo. *United States v. Tripplett*, No. 1:19-cr-700, 2020 WL 6702118, at *1 (N.D. Ohio Nov. 13, 2020) (citing *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990)). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125,

1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Accordingly, consistent with the Constitution's protection of liberty and the presumption of innocence, federal law favors release.

The United States bears the burden of proving that detention is warranted. To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Defendant poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).

I. **Risk of Flight and Safety of Others**

The Court finds that the record does not show, by a preponderance of the evidence, that Defendant poses a risk of flight. Defendant's conviction for "flee and attempt to elude" occurred in 1981 and is forty years old. Accordingly, it has little

6

relevance today and has little probative value to assessing risk of flight today. Mr. Staudohar also violated probation in 1991, but there is no evidence about the nature of the violation, and it also occurred long ago. More recently, Defendant did not flee after law enforcement confronted him about the threatening phone calls at issue. Nor did he take serious steps to elude or evade federal agents.

As for the risk that Defendant will obstruct justice or threaten, injure, or intimidate any witnesses, the United States also falls short of meeting its burden. On these facts and circumstances, the United States falls short of carrying its burden by clear and convincing evidence. Indeed, the nature and substance of the phone calls are threatening and serious, all the more so in a political climate that has resulted in several high-profile acts from across the ideological spectrum directed at the political process resulting in serious physical injuries or deaths. In such an environment, the United States rightly takes Mr. Staudohar's threats seriously, and the Court does as well. But the record contains little, if any, evidence showing that Mr. Staudohar had plans to make good on his threats or otherwise take steps to carry them out. His criminal history of violent offenses raises concern, but the most recent such charged offense occurred twenty-three years ago with the majority occurring over thirty years ago. Such remote offenses do not establish a firm belief or abiding conviction that Defendant is dangerous. At most, the record shows that the United States has shown a risk to the safety of others and the community by a preponderance of the evidence. But federal law sets a higher standard.

7

## II. The Factors Under Section 3142

In determining whether there are conditions of release that will reasonably assure Mr. Staudohar's appearance and the safety of others and the community, the Court reviews the record in light of the factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." To order detention under Section 3142(e) requires proof by clear and convincing evidence. 18 U.S.C. § 3142(f); *Yamini*, 91 F. Supp. 2d at 1127.

### II.A. Nature and Circumstances of the Offense Charged

The first factor considers whether the offense charged is a crime of violence, has a minor victim, or involves a controlled substance. 18 U.S.C. § 3142(g)(1). As the United States noted before the Magistrate Judge, the threats made toward the victim "speak for themselves." ([ECF No. 13](), PageID #66.) Although the offense charged involves violent threats, the record presently before the Court contains no evidence that Mr. Staudohar made plans or took steps to follow through on the threats. Additionally, the audio of the threatening call on June 24, 2021 makes the caller sound intoxicated or mentally unstable. Overall, this factor weighs slightly in favor of detention.

### II.B. Weight of the Evidence

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt" and is not a pretrial determination of guilt.

8

*Stone*, 608 F.3d at 948. Although Mr. Staudohar's distant past involved some violent crimes, those prior violent offenses are over twenty years old, and he has not had criminal charges at all, excluding the charges in this case, for fifteen years. On the other hand, the offenses charged in this case involve threats of violence. On the audio of the threat on June 24, 2021, Mr. Staudohar did not sound mentally well, whether because of intoxication or otherwise. But the record presently shows that Mr. Staudohar did not take steps toward acting on the threats he made. This factor leans slightly in favor of release.

### II.C. History and Characteristics of the Person

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, they include whether the defendant was on probation or parole at the time he committed the offense. *Id.* § 3142(g)(3)(B).

Mr. Staudohar's parents are deceased, and he has not had any contact with his siblings in over a decade. He lives alone, never married, and has no children. He is also unemployed since about 2009, but receives a pension and social security. The United States did not take issue with any of those facts. Instead, it argues that Defendant has a history of alcohol abuse, including three convictions for driving under the influence. His most recent DUI offense occurred in 1997 and he has reportedly been sober for many years. The record also suggests that Mr. Staudohar

9

may suffer from some untreated mental health issues. The Court has concerns about Defendant's alcohol abuse and mental health. But those concerns can be mitigated with alcohol monitoring and a mental health evaluation, in addition to the standard conditions of release.

### II.D. Nature and Seriousness of the Danger Release Poses

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Considering the record as a whole, there is little evidence beyond that already discussed that Defendant will pose a serious danger to the community if released, especially with the conditions already mentioned. Although the Court takes the danger to the victim of Mr. Staudohar's threats seriously, there is little reason to believe he has or will make plans to carry out his threats or to believe he is reasonably likely to encounter the victim.

\* \* \*

On balance, this and the other factors, considered against the record as a whole, weigh in favor of release. The United States has failed to prove by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of other persons and the community.

### RELEASE CONDITIONS

Section 3142(c)(1)(B) provides that, if a judicial officer determines the pretrial release of a defendant will endanger the safety of the community, the court must use "the least restrictive further condition, or combination of conditions" to reasonably assure the safety of the community. The statute goes on to provide an illustrative list

10

of the types of conditions that the court may use to effect this purpose. 18 U.S.C. § 3142(c)(1)(B)(i)–(xiv).

In this case, the Court finds that there is a combination of conditions that will reasonably ensure the safety of others and the community. In addition to the standard conditions, the Court **ORDERS** the following special conditions, subject to the results of a mental health evaluation:

1. Weekly alcohol monitoring;

2. Defendant must not use alcohol;

3. Defendant shall submit to a mental health evaluation through the Department of Veterans Affairs or by working with Pretrial Services to select another provider from which he is eligible for services. Upon completion of the evaluation, Defendant shall follow all recommendations and follow all terms from the evaluation as Pretrial Services directs, including taking all medications as prescribed; and

4. Defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

Defendant's failure to abide by any conditions of release may be grounds for revocation of bond and subsequent detention.

## CONCLUSION

For the foregoing reasons, and based on the record, the Court determines that the foregoing combination of conditions will reasonably assure Defendant's appearance and the safety of the community pending trial. Therefore, the Court orders a mental health evaluation, **VACATES** the order of detention and **ORDERS**

11

the release of Defendant David Staudohar pending trial subject to the conditions set forth in this Order and such other terms as Pretrial Services may require.

**SO ORDERED.**

Dated: September 23, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio